Victoria Etelvina TURCIOS–
MONTUFAR, Petitioner,

v.

Janet RENO, Attorney General of the
United States of America,
Respondent.

No. 99–70556.
INS No. A703–925–885.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.*

Decided March 2, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

MEMORANDUM **

The BIA concluded that Turcios–Montufar's past contacts with the guerillas were not motivated by one of the five factors under the INA.[1] Rather, it found that the guerillas acted solely out of a desire to obtain information about the highway system. Substantial evidence supports this finding.[2] Turcios–Montufar testified that the guerillas were interested in her because "[t]hey wanted information about the highway department and also the party." She also testified that the guerillas "thought they could use me as an informant to get information about the government's plans." There is no compelling evidence that shows the guerillas

harmed Turcios–Montufar on account of her political opinions.[3]

The BIA further concluded that Turcios–Montufar failed to prove that she had a well-founded fear of future persecution in Guatemala. Substantial evidence supports this finding. Turcios–Montufar testified that her parents, including her father, still live in Guatemala, as do her four brothers and sisters, and her daughter. The BIA correctly stated that "[t]he fact that the [Turcios–Montufar's] family, particularly her father who was the focus of the guerillas' inquiries, is able to live in Guatemala undermines [her] contention that she has a reasonable fear of persecution." Further supporting the BIA's conclusion is the fact that her father quit working for the highway department in about 1990 or 1991. Finally, the civil war in Guatemala is over. And the BIA properly relied on a State Department report indicating that country conditions had improved.

Turcios–Montufar argues that the guerillas are still harassing her family because they kidnaped her nephew. But the only evidence she has to support this is triple-hearsay suggesting that guerillas might be involved. She has no direct evidence of any guerilla involvement.

The petition for review is DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To qualify for asylum under the INA, a petitioner has the burden to prove past-persecution or a well-founded fear of persecution on account of their "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(a).

2. See *Ortiz v. INS*, 179 F.3d 1148, 1154 (9th Cir.1999) (reviewing BIA decision for substantial evidence).

3. Cf. *Elias–Zacarias*, 502 U.S. at 482, 112 S.Ct. 812 (stating that fact that guerillas had political motives behind persecution is irrelevant and what matters is whether guerillas acted out of displeasure with petitioner because of petitioner's political opinion).